Filed 7/21/22  P. v. Brewer CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT BREWER,<br><br>    Defendant and Appellant. | A162984<br><br>(San Francisco County Super. Ct. No. 20009124) |

Robert Brewer was convicted of carrying a concealed, loaded, and unregistered firearm on his person.  On appeal Brewer argues that because he did not have a current or prior disqualifying conviction, the trial court erroneously sentenced him to state prison.  He contends the trial court should have imposed a county jail sentence and not a state prison sentence.  The Attorney General agrees, as do we.

**I.**

On October 6, 2020, the San Francisco County District Attorney filed an information charging Brewer with one count each of murder (Pen. Code,[1] § 187, subd. (a)) and carrying a concealed firearm on his person (§ 25400,

[1] Subsequent undesignated citations are to the Penal Code.

1

subd. (a)(2)).  As to the murder count, the information specially alleged Brewer personally and intentionally used a firearm causing death. (§ 12022.53, subd. (d).)  As to the concealed weapon count, the information specially alleged that the firearm was loaded and unregistered.  (§ 25400, subd. (c)(6)(A) & (B).)

The jury acquitted on the murder count and on the lesser included offense of voluntary manslaughter, but convicted on the concealed firearm count and found true the enhancement that the firearm was loaded and unregistered.  The trial court sentenced Brewer to state prison, applying the low term of 16 months pursuant to section 1170, and granting 517 days of presentence credit.  Deeming the prison time served, the trial court ordered parole for a period not to exceed three years.  The court also imposed a total of $965 in fines and fees, including a parole supervision fine and booking and presentence investigation fees.

This timely appeal followed.

## II.

Brewer argues he should have been sentenced to county jail pursuant to section 1170, subdivision (h)(1), because, when sentenced, he had not been convicted of a prior serious or violent felony(§ 667.5, subd. (c) [violent felonies], § 1192.7, subd. (c) [serious felonies]; see *In re Scott* (2020) 49 Cal.App.5th 1003, 1019.)  Brewer admitted at trial that his sole prior conviction was a conviction for felony assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)).  But that offense is not a qualifying "strike" felony for purposes of the sentencing enhancement imposed here. Because Brewer did not have a qualifying conviction, he contends the trial court was required to sentence him to a county jail term, not a state prison term, under section 1170, subdivision (h)(1).

2

The Attorney General acknowledges the error, and we accept the concession. The only question here is what relief to order.

Brewer asks us to (i) order the abstract of judgment corrected nunc pro tunc to indicate he was sentenced to county jail pursuant to section 1170, subdivision (h)(1), (ii) vacate its order requiring Brewer to serve a period of parole (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671–672 [defendant sentenced to county jail under §1170, subd. (h), "is not subject to a state parole period after his or her sentence is completed"]), (iii) vacate the parole supervision fine, since Brewer is not subject to a term of parole (*Cruz*, at p. 672, fn. 6), (iv) vacate the booking and presentence investigation report fees in light of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) sections 2, 62, effective July 1, 2021, and (v) vacate all fines and fees because Brewer's accumulated excess credits under section 2900.5, subdivision (a), are sufficient to eliminate the $965 in fees and fines that were imposed on him. The Attorney General more or less agrees, but suggests the People should be provided the opportunity on remand to present evidence that Brewer has a qualifying strike conviction. We do not think so. The People had the opportunity to do just this at trial, and if there were such evidence they had every incentive to present it.

## DISPOSITION

We remand the matter for resentencing pursuant to section 1170, subdivision (h)(1), and order the trial court to (i) correct the abstract of judgment nunc pro tunc to indicate Brewer was sentenced to county jail pursuant to section 1170, subdivision (h)(1), (ii) vacate the parole order, and (iii) vacate all imposed fines and fees.

_____
Streeter, J.

WE CONCUR:


_____
Pollak, P.J.


_____
Brown, J.

*People v. Brewer  A162984*

4